IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL BRYAN WILKINSON,

    Plaintiff,                          No. CIV S-02-1493 DFL GGH P

    vs.

JEFF HARADA, et al.,

    Defendants.                    ORDER

_____/

        Plaintiff, formerly incarcerated at a California Youth Authority facility, was directed to inform the court in an order filed on March 30, 2005, wherein it was noted that plaintiff had taken no steps to keep the court advised of his current address, why this case should not be dismissed for his failure to prosecute this action and his failure to keep the court apprised of his current address. On April 4, 2005, plaintiff filed a notice of change of address that is deficient in several respects.

        In the first place, he failed to serve the notice. Plaintiff has been involved in this litigation long enough to be aware that every document submitted to the court for consideration must be served on defendants. Fed. R. Civ. P. 5. Moreover, he has been previously cautioned as to the necessity to serve documents he wishes to file. See Orders filed on March 31, 2003 and March 1, 2004. Documents not to be served electronically are usually served by placing a copy

1

in the U.S. mail.  If an attorney has filed a document with the court on behalf of any defendants, then documents submitted by plaintiff must be served on that attorney and not on the defendants.  Every document submitted conventionally to the court (e.g., by a prisoner proceeding pro se) must include a certificate stating the date an accurate copy of the document was mailed to defendants or their attorney and the address to which it was mailed.  See Local Rule 5-135(b) and (c).  Plaintiff is required to file his proof of service of his notice of address change within ten (10) days.

In the second place, plaintiff represents in his unserved notice that he had previously sent a notice of his latest change of address, although there is no record of any such notice in this court's file.  Plaintiff has a history of failing to keep the court apprised of his changes of address.  The case file indicates that re-service of returned documents occurred on January 9, 2003 and February 20, 2003, necessitated by his failure to inform the court in a timely manner of a prior address change.  On January 21, 2005, due to plaintiff's dilatoriness and repeated failure to comply with Local Rule 83-182(f), defendants were compelled to take onerous steps in order to file their reply to plaintiff's opposition to their pending summary judgment motion.  See Notice of Re-service of Reply filed on January 21, 2005.  Court mail was returned again on February 4, 2005, plaintiff having failed to keep the informed as to his last two address changes.

Third, plaintiff's notice has been improperly filed under yet a different name.  This litigation was filed under the name of Daniel Bryan Wilkinson.  According to N. A. Chaderjian Youth Correctional Facility Assistant Superintendent Stephen N. Stenoski, Daniel Wilkinson is plaintiff's legal name.  See letter filed July 6, 2004.  For no apparent reason, plaintiff began to sign his documents under an alias, "Nathan Sage," which unnecessarily and improperly complicated matters for facility authorities.  See, id.  Now, his latest filing is made under the alias of "Aaron Lee Taggart."  Plaintiff is cautioned that the Clerk of the Court will be directed to disregard any future filing from him that is either 1) not properly served or 2) not filed

solely under the name of Daniel Bryan Wilkinson.

    Accordingly, IT IS HEREBY ORDERED:

    1. Plaintiff must, within 10 days, file proof of service upon defendants' counsel of his April 4, 2005 notice of change of address. Plaintiff is cautioned that failure to comply with this order may result in the imposition of sanctions. Plaintiff is further cautioned that failure to serve any documents subsequently filed in this action properly, and failure to include a proper certificate of service with such filing, will result in any such documents being disregarded by this court and may result in a recommendation that this action be dismissed;

    2. Plaintiff must file any future document in this action solely under the name of Daniel Bryan Wilkinson or Daniel Wilkinson and he must sign any such filing with that name only; and

    3. The Clerk of the Court is directed to disregard any document plaintiff seeks to file after the date of this order that (a) does not include proof of service upon defendants' counsel **or** (b) is not filed under the name of Daniel Bryan Wilkinson or Daniel Wilkinson and signed by plaintiff using that name only.

DATED:  4/18/05

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/bb
wilk1493.35a