IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL BRYAN WILKINSON,

      Plaintiff,                                   No. CIV S- 02-1493 DFL GGH P

     vs.

JEFF HERADA, et al.,

      Defendants.                    FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, formerly a ward of the California Youth Authority (CYA),[1] filed an action pursuant to 42 U.S.C. § 1983 while he was in custody.   On March 30, 2005, the district judge, noting that plaintiff had taken no steps to notify the court of his change of address since his release and that "[t]he record suggests that plaintiff has decided not to proceed with this action," ordered plaintiff , within ten days, to "advise the court...why this action should not be dismissed for failure to prosecute and failure to keep the court apprised of his current address." See Order, filed on March 30, 2005, p. 2.   On April 4, 2005, plaintiff filed, but did not serve, a very belated notice of change of address stating that he had previously filed an earlier notice but had not heard from the court in some time.   There is no record of this latest change of address

---

        [1]According to the CYA, plaintiff was released from custody on or before January 3, 2005.

1

having been filed previously. A review of the record indicates that the unserved April 4, 2005 notice was not filed even in partial response to the March 30, 2005 show cause order because that order, after having been served at the then most recent address for plaintiff which the defendants could ascertain, was returned as undeliverable on April 7, 2005. Thereafter, the March 30, 2005 order was re-served on April 8, 2005 at the latest address of record finally filed by plaintiff on April 4, 2005.[2] No response to that order has been forthcoming from plaintiff, nor can the unserved April 4, 2005 notice, clearly filed prior to the show cause order having been served upon him, constitute adequate cause for his failure to keep the court apprised of his current address and his failure to prosecute this action.

By order filed on April 19, 2005, plaintiff was directed, inter alia, to file proof of service of his latest notice of change of address within ten days. Noting plaintiff's failure to serve the notice, the court observed the following:

> Plaintiff has been involved in this litigation long enough to be aware that every document submitted to the court for consideration must be served on defendants. Fed. R. Civ. P. 5. Moreover, he has been previously cautioned as to the necessity to serve documents he wishes to file. See Orders filed on March 31, 2003 and March 1, 2004. Documents not to be served electronically are usually served by placing a copy in the U.S. mail. If an attorney has filed a document with the court on behalf of any defendants, then documents submitted by plaintiff must be served on that attorney and not on the defendants. Every document submitted conventionally to the court (e.g., by a prisoner proceeding pro se) must include a certificate stating the date an accurate copy of the document was mailed to defendants or their attorney and the address to which it was mailed. See Local Rule 5-135(b) and (c). Plaintiff is required to file his proof of service of his notice of address change within ten (10) days.
>
> In the second place, plaintiff represents in his unserved notice that he had previously sent a notice of his latest change of address, although there is no record of any such notice in this court's file. Plaintiff has a history of failing to keep the court apprised of his changes of address. The case file indicates that re-service of returned documents occurred on January 9, 2003 and February 20,

---

[2] Although plaintiff put the date of February 26, 2005 on the notice, it was not received by this court until April 4, 2005.

> 2003, necessitated by his failure to inform the court in a timely manner of a prior address change. On January 21, 2005, due to plaintiff's dilatoriness and repeated failure to comply with Local Rule 83-182(f), defendants were compelled to take onerous steps in order to file their reply to plaintiff's opposition to their pending summary judgment motion. See Notice of Re-service of Reply filed on January 21, 2005. Court mail was returned again on February 4, 2005, plaintiff having failed to keep the informed as to his last two address changes.
>
> Third, plaintiff's notice has been improperly filed under yet a different name. This litigation was filed under the name of Daniel Bryan Wilkinson. According to N. A. Chaderjian Youth Correctional Facility Assistant Superintendent Stephen N. Stenoski, Daniel Wilkinson is plaintiff's legal name. See letter filed July 6, 2004. For no apparent reason, plaintiff began to sign his documents under an alias, "Nathan Sage," which unnecessarily and improperly complicated matters for facility authorities. See, id. Now, his latest filing is made under the alias of "Aaron Lee Taggart." Plaintiff is cautioned that the Clerk of the Court will be directed to disregard any future filing from him that is either 1) not properly served or 2) not filed solely under the name of Daniel Bryan Wilkinson.

Order, filed on April 19, 2005, pp. 1-3.

As noted, plaintiff has failed to file (and serve) any response to the show cause order by the district judge, filed and served on March 30, 2005 and re-served on April 8, 2005 at plaintiff's latest address of record, nor has he responded to the April 19, 2005 order of the undersigned. Neither of these documents have been returned as undeliverable. Plaintiff's failure to provide any response whatsoever demonstrates plainly his lack of interest in prosecuting this action.

Finally, with respect to defendants' pending motion for summary judgment, filed on December 3, 2005, plaintiff's half-page opposition consists solely of a vague and unsupported claim that his access to the courts has been limited by defendants' policy of limiting correspondence between CYA wards. Opposition, filed on December 28, 2004. Plaintiff made an inadequate and half-hearted request for appointment of counsel within his opposition and sought to have this court deny summary judgment to defendants, purportedly pursuant to Fed. R. Civ. P. 56(f). Id. In this court's order, filed on December 16, 2004, denying as moot plaintiff's

3

motion for the court to enjoin defendants from limiting his communication with other wards in order to prosecute this action, properly construed as a motion for a protective order, the following was noted by the undersigned:

> It is apparent on the face of it that plaintiff has ultimately been granted the relief he sought in this court by the California Youth Authority by being allowed to correspond with each of five wards, individuals he named after the filing of this motion. That he no longer sought to be able to correspond with one of the three wards at issue herein is explained by the affidavit in the court file from this individual, setting forth grievances against certain CYA policies.

Order, filed on December 16, 2004, p. 8.

Plaintiff makes no showing in his putative opposition that a continuance for him to obtain unspecified affidavits is in any way warranted in these circumstances under Fed. R. Civ. P. 56(f). Plaintiff sets forth no substantive opposition of any kind to defendants' dispositive motion. Further, plaintiff's release from custody has largely mooted his claims, which are primarily for injunctive relief. Plaintiff alleges in this action that he has been deprived of his First Amendment right to possess and read religious literature, as well as various other publications, and his legal notes and personal writings and that he has filed grievances with respect to these deprivations to which no timely response has been forthcoming; plaintiff also claims that there is a CYA policy against his Wiccan faith. Amended Complaint, ¶¶ 6-8, 9-10, 12. When an inmate seeks injunctive relief concerning an institution at which he is no longer incarcerated, his claims for such relief become moot. See Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986). See also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988).

Plaintiff's prolonged failure to keep this court apprised of his current address, particularly since he has been released from CYA custody; his repeated failure to respond to court orders properly served at his most recent address of record; his lack of any substantive opposition to defendants' pending motion for summary judgment all demonstrate not only a lack

of compliance with court orders, the Federal Rules of Civil Procedure and the Local Rules, but a total lack of interest in prosecuting this action.  This court finds that this action should be dismissed for failure to prosecute.

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. [FN3] The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.

Roadway Express, Inc., v. Piper, 447 U.S. 752, 765, 100 S. Ct. 2455, 2463 (1980), quoting Link v. Wabash Railroad Co., 370 U.S. 626, 629-630, 82 S. Ct. 1386, 1388 (1962); Plaut v. Spendthrift, 514 U.S. 211, 228, 115 S. Ct. 1447, 1457 (1995)("[t]he rules of finality, both statutory and judge made, treat," inter alia, dismissals "for failure to prosecute: as a judgment on the merits.").

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 7/8/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
wilk1493.ftp